IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 11-cv-00941-CMA-BNB

FACONNABLE USA CORPORATION, a Delaware corporation,

Plaintiff,

v.

JOHN DOES 1-10, all whose true names are unknown,

Defendants.

_____

**ORDER**
_____

This matter arises on the plaintiff's **Motion for Expedited Order Authorizing Discovery** [Doc. # 2, filed 4/7/2011] (the "Motion"), which is GRANTED.

The plaintiff alleges that unknown parties are posting on the Wikipedia website false and misleading statements damaging to plaintiff's commercial interests. Despite diligent efforts, the plaintiff has been blocked from obtaining the names or identities of the posting parties. In particular, the plaintiff "traced to IP address associated with [the] posting and learned that the address was associated with the Internet service provider Skybeam, Inc.," but Skybeam "declined to provide [the name] absent a subpoena." Motion [Doc. # 2] at ¶4.

Rule 26(d), Fed. R. Civ. P., generally provides that discovery may not commence until the parties have conferred as required by Rule 26(f). In unusual circumstances, however, and upon a showing of good cause, discovery may occur prior to the Rule 26(f) conference "when authorized by . . . court order." Fed. R. Civ. P. 26(d); <u>20/20 Financial Consulting, Inc. v. Does 1-5</u>, 2010 WL 1904530 *1 (D. Colo 2010).

20/20 Financial presented similar facts, involving anonymous posters on the web whose identities would not be given up by the service providers. The court found that good cause existed and allowed expedited discovery, ruling:

> Because it appears likely that Plaintiff will continue to be thwarted in its attempts to identify Defendants without the benefit of formal discovery mechanisms, the court finds that Plaintiff should be permitted to conduct expedited discovery, pursuant to Fed. R. Civ. P. 45, for the limited purpose of discovering the identities of Defendants.

Id. at *1. The same is true here, compelling the same result.

IT IS ORDERED:

1.  The Motion [Doc. # 2] is GRANTED;

2.  The plaintiff may conduct discovery pursuant to Rule 45, Fed. R. Civ. P., prior to the Rule 26(f) conference solely for the purpose of determining the true identities of the John Doe defendants; and

3.  The plaintiff shall file a status report on or before **July 1, 2011**, regarding the status of its efforts to identify the John Doe defendants.

Dated April 18, 2011.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge