# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

FACONNABLE USA CORPORATION,

     *Plaintiff,*

v.

JOHN DOES 1 – 10,

     *Defendants.*

No. 11-cv-00941-CMA-BNB

**MEMORANDUM OF LAW IN SUPPORT OF THIRD-PARTY SKYBEAM, INC.'S MOTION TO MODIFY THE APRIL 18, 2011 ORDER PERMITTING EXPEDITED DISCOVERY, AND FOR A PROTECTIVE ORDER**

John D. Seiver
Leslie G. Moylan
**DAVIS WRIGHT TREMAINE LLP**
1919 Pennsylvania Ave., N.W., Suite 800
Washington, DC 20006
(202) 973-4200

*Attorneys for Skybeam, Inc.*

April 29, 2011

# TABLE OF CONTENTS

INTRODUCTION AND FACTUAL BACKGROUND .................................................................. 1

    A.    Façonnable Served A Subpoena On Skybeam Pursuant To An Order Allowing Expedited Discovery, Which Was Based On An Incorrect Standard ............................ 1

    B.    Façonnable Refused Skybeam's Reasonable Offer For Modification Of The April 18 Order .......................................................................................................... 4

ARGUMENT ................................................................................................................................ 5

    A.    The Court Should Modify The April 18 Order Because It Was Based On Incorrect Case Law and Did Not Address John Doe Defendant(s)' First Amendment Rights To Anonymous Speech .......................................................... 7

    B.    Ninth Circuit Provides Guidance Regarding Balancing Discovery And The Right to Anonymous Speech ......................................................................... 9

    C.    The Court Should Enter A Protective Order Providing For A Reasonable Amount Of Time To Respond To Any Subpoena In This Action ............................ 12

    D.    The Court Should Enter A Protective Order Requiring Façonnable To Pay Skybeam's Costs In Complying With Any Subpoena In This Action ...................... 13

CONCLUSION ............................................................................................................................ 14

i

# TABLE OF AUTHORITIES

**Page(s)**

FEDERAL CASES

*20/20 Financial Consulting, Inc. v. John Does 1-5,*
No. 10-cv-01006-CMA-KMT, 2010 WL 1904530 (D. Colo. May 11, 2010)............4, 8, 9, 12

*Anonymous Online Speakers v. United States Dist. Court*
*(In re Anonymous Online Speakers),*
--- F.3d ---, 2011 U.S. App. LEXIS 487 (9th Cir. Jan. 7, 2011)..................................... passim

*Anonymous Online Speakers v. United States Dist. Court for the Dist. of Nevada Reno (In*
*re Anonymous Online Speakers),*
611 F.3d 653 (9th Cir. 2010) (*opinion withdrawn by, opinion replaced by* 2011 U.S.
App. LEXIS 487) .............................................................................................................4, 10

*Arista Records, LLC v. John Does 1-19,*
551 F. Supp. 2d 1 (D.D.C. 2008)....................................................................................8, 9

*Compaq Computer Corp., v. Packard Bell Electronics, Inc.,*
1995 U.S. Dist. LEXIS 20549, *24-25 (N.D. Cal. 1995) ....................................................13

*Cusumano v. Microsoft Corp.,*
162 F.3d 708 (1st Cir. 1998)...............................................................................................7

*Doe v. 2TheMart.com Inc,*
140 F. Supp. 2d 1088 (W.D. Wash. 2001)..................................................................2, 9, 11

*Exum v. United States Olympic Comm.,*
209 F.R.D. 201, 206 (D. Colo. 2002) ..................................................................................6

*In re Verizon Internet Services, Inc.,*
257 F. Supp. 2d 244 (D.D.C. 2003), *rev'd on other grounds*, 351 F.3d 1229 (D.C. Cir
2003) .................................................................................................................................2

*Keohane v. Stewart,*
882 P.2d 1293, 1298 (Colo. 1994) .....................................................................................13

*Klesch & Co. Ltd. v. Liberty Media Corp.,*
217 F.R.D. 517, 524 (D. Colo. 2003) ..................................................................................6

*Laface Records, LLC v. Atlantic Recording Corp.,*
No. 07-187, 2007 U.S. Dist. LEXIS 72225, at * 4-*5 (W.D. Mich. Sept. 27, 2007) ...............8

*Perry v. Schwarzenegger,*
591 F.3d 1147 (9th Cir. 2010) ............................................................................1, 10, 11, 12

*Pod-Ners, LLC v. Northern Feed & Bean of Lucerne Ltd.*,
   204 F.R.D. 675 (D. Colo. 2002) .......................................................................9, 10

*Rocker Mgmt. LLC v. John Does 1 Through 20*,
   No. 03-MC-332003, 2003 U.S. Dist. LEXIS 16277 (N.D. Cal. May 29, 2003) ......................2

*United States v. Columbia Broad. Sys. Inc.*,
   666 F.2d 364 (9th Cir. 1981), *cert. denied*, 457 U.S. 1118 (1982).........................................13

*Wang v. Hsu*,
   919 F.2d 130 (10th Cir. 1990) ...............................................................................5

STATE CASES

*Concerned Members of Intermountain Rural Elec. Assoc. v. District Court Colorado
   Supreme Court*,
   713 P.2d 923 (Colo. 1986)......................................................................................12

*Doe v. Cahill*
   884 A.2d 451 (Del. 2005) ............................................................................... passim

*In re Subpoena Duces Tecum to America Online, Inc.*,
   No. 40570, 2000 WL 1210372 (Va. Cir. Jan. 31, 2000), *rev'd on other grounds*, 542
   S.E.2d 377 (Va. 2001)............................................................................................2

*Klehr Harrison Harvey Brazburg & Ellers v. JPA Dev.*,
   No. 0425, 2006 Phila. Ct. Com. Pl. LEXIS 1 (C.P. Phila. Jan. 4, 2006) ................................11

*Krystkowiak v. W.O. Brisben Cos.*,
   90 P.3d 859 (Colo. 2004)........................................................................................12

*Melvin v. Doe*,
   836 A.2d 42 (Pa. 2003)...........................................................................................6

*Mobilisa, Inc. v. John Doe 1*,
   170 P.3d 712, 715 (Ariz. App. 2007) ........................................................................9

*Pilchesky v. Gatelli*,
   12 A.3d 430, 445 (Pa. Super. Ct. 2011) ....................................................................12

*Protect Our Mountain Env't, Inc. v. District Court of County of Jefferson*
   677 P.2d 1361 (Colo. 1984)....................................................................................12

RULES

Fed. R. Civ. P. 26........................................................................................6, 7, 11

Fed. R. Civ. P. 26(1)(A)-(D)...........................................................................6

Fed. R. Civ. P. 26(c) ................................................................................................5, 6

Fed. R. Civ. P. 45...............................................................................................3, 9, 13

**CONSTITUTIONAL PROVISIONS**

First Amendment ................................................................................................ passim

Third-Party Skybeam, Inc. ("Skybeam") submits this memorandum in support of its Motion to Modify the April 18, 2011 Order Permitting Expedited Discovery, and for a Protective Order.

## INTRODUCTION AND FACTUAL BACKGROUND

This is a defamation case in which Façonnable USA Corporation ("Façonnable ") alleges that the John Doe defendant(s) committed common law trade libel and/or commercial disparagement by anonymously editing the Wikipedia web pages for Façonnable and its parent company, M1 Group, to include "false and misleading statements" damaging to Façonnable's commercial interests.  The alleged defamatory statements (now removed from the relevant Wikipedia pages) were that M1 Group and Façonnable are supporters of Hezbollah.[1] Façonnable also alleged that the defamatory statements were posted and re-posted to the relevant Wikipedia pages by anonymous user(s) from the IP addresses 72.42.100.214 and 72.42.80.123. Compl. ¶¶ 7-13, 18-21.  Skybeam is a third party that is alleged to be the Internet service provider ("ISP") and registered as the owner of those IP addresses that were allegedly utilized by John Doe defendant(s) to post and re-post the allegedly defamatory statements. Skybeam is not a defendant in this case, nor has Façonnable alleged (nor could it – 47 U.S.C. § 230(c)(1)) that Skybeam has any liability for the alleged false and misleading statements.

### A.    Façonnable Served A Subpoena On Skybeam Pursuant To An Order Allowing Expedited Discovery, Which Was Based On An Incorrect Standard

On or about April 19, 2011, Plaintiff Façonnable USA Corporation ("Plaintiff" or "Façonnable") served a subpoena duces tecum (the "Subpoena") on Skybeam, requesting that Skybeam produce personally identifiable information for certain Internet end-users (Skybeam subscriber(s)) who allegedly used specific IP addresses on specific dates and times to post and

---

[1]  Compl. [Doc. #1] ¶ 10.  Façonnable states that "Hezbollah is a Shiite Islamist militia and political party based in Lebanon that has been designated by the U.S. State department as a terrorist organization."  *Id.*, at n.1.

re-post allegedly libelous statements about Façonnable and M1 Group on the Wikipedia webpage for Façonnable. Attached hereto as Exhibit A is a true and correct copy of the Subpoena. The return date on the Subpoena is April 26, 2011. *Id.* The Subpoena was issued pursuant to this Court's April 18, 2011 Order Permitting Expedited Discovery (the "April 18 Order") [Doc. #7], which granted Façonnable's Motion For Expedited Order Authorizing Discovery ("Façonnable's *Ex Parte* Discovery Motion"). As detailed herein, Façonnable's *Ex Parte* Discovery Motion incorrectly stated that the standard for ordering an ISP to disclose the identity of subscriber(s) alleged to have posted defamatory statements is "good cause." *Id.* The Court's April 18 Order was based on this incorrect standard.

Skybeam did not have an opportunity to appear before the April 18 Order was issued. Therefore, neither Skybeam nor the John Doe defendant(s) were able to address Façonnable's contention in its *Ex Parte* Discovery Motion that a "good cause" standard applied to discovery seeking disclosure of defendant(s)' identities or to provide the Court with recent case law addressing disclosure of anonymous speakers' identities. As discussed below, almost all courts have rejected the "good cause" standard in cases of actual speech in favor of a balancing test to weigh a plaintiff's discovery needs against anonymous speakers' First Amendment right to speak anonymously.

Here, the April 18 Order did not address the nature of John Doe defendant(s)' anonymous speech or its associated First Amendment protections. Although Skybeam does not dispute Façonnable's right to pursue its claims against the John Doe defendant(s) named in the Complaint, compliance with the April 18 Order and the Subpoena invites reversible error because the Court did not preliminarily balance the rights of speakers to remain anonymous or determine whether the speech as embodied in the postings and re-postings to the Wikipedia

pages deserves First Amendment protection prior to authorizing Façonnable to serve a subpoena on Skybeam for the speaker(s)' identity(ies). Moreover, the Court would also need to provide the John Doe defendant(s) with the opportunity to appear anonymously and object to disclosure of their identities and provide the details on the rights of speakers to remain anonymous and whether the First Amendment is implicated – arguments the speakers and not the ISP are better positioned to make.[2] Thus, the April 18 Order and Subpoena place Skybeam in the untenable position of potentially aiding in an infringement of its subscriber(s)' First Amendment rights to speak anonymously, and any disclosure without the proper tests first being considered could render protection for their speech meaningless. Accordingly, the Court should engage in a preliminary analysis of the standard for disclosing identities and then direct Skybeam to provide notice to its subscriber(s) whose identities are sought in this action so that they have the opportunity to address First Amendment protections for their speech prior to disclosure of their identities.[3]

Further, as a non-party, Skybeam is entitled to reimbursement from Façonnable for the costs it will incur in responding to this or any future subpoena in this action. The process of identifying personally identifiable information with respect to Internet end-users (Skybeam subscriber(s)) using specific IP addresses on specific dates and times is burdensome. Skybeam

---

[2] The identity of the Skybeam subscriber(s) has been determined by Skybeam and preserved. Skybeam will refer to the defendant(s) in plural for purposes of this motion only.

[3] Where a third party is brought into litigation, typically through a discovery order, the anonymous plaintiff or defendant typically steps forward to oppose the disclosure of his or her identity. *See, e.g., Doe v. 2Themart.com,* Inc., 140 F. Supp. 2d 1088 (W.D. Wash. 2001) (granting "Doe" plaintiff's motion to quash defendant's subpoena issued to Internet service provider (ISP) and allowing plaintiff to proceed anonymously); *Rocker Mgmt. LLC v. John Does 1 Through 20,* No. 03-MC-332003, 2003 U.S. Dist. LEXIS 16277 (N.D. Cal. May 29, 2003) (granting Doe defendant's motion to quash subpoena issued to ISP); *Doe v. Cahill* (Del. 2005) 884 A.2d 451 (holding that trial court used incorrect legal standard when it denied Doe defendant's motion for protective order and compelled ISP to disclose Doe defendant's identity). However, multiple courts have held that ISPs have standing to object to disclosure of their subscribers' identities due to their duties of, and interests in, confidentiality. *In re Subpoena Duces Tecum to America Online, Inc.,* No. 40570, 2000 WL 1210372, (Va. Cir. Jan. 31, 2000), *rev'd on other grounds,* 542 S.E.2d 377 (Va. 2001); *In re Verizon Internet Services, Inc.,* 257 F. Supp. 2d 244 (D.D.C. 2003), *rev'd on other grounds,* 351 F.3d 1229, 1239 (D.C. Cir 2003).

must provide notice to its subscriber(s) whose identities would be disclosed if the Court orders

disclosure.  In order to expedite the notification process to comply with such requests and to

have confirmation of delivery of the notice, Skybeam must make the required notifications by

overnight delivery service with a guaranteed delivery signature required.  Additionally, Skybeam

must reproduce and include a copy of the order and subpoena directing discovery with each

notification to the subscriber to allow the subscriber to determine if a substantive objection or

motion to quash to prevent disclosure of his or her identity is needed.  Skybeam, as the ISP, is

not equipped to make those determinations on behalf of its subscribers.

### B. Façonnable Refused Skybeam's Reasonable Offer For Modification Of The April 18 Order

Although Skybeam did not have the opportunity to participate in this Court's

consideration and ultimate grant of Façonnable's *Ex Parte* Discovery Motion in the April 18

Order, Skybeam has engaged in discussions with Façonnable's counsel to reach an

accommodation on procedure and reimbursement pursuant to Local Rule 7.1(A).

Prior to the April 18 Order, counsel for Skybeam informed counsel for Façonnable that

disclosure of anonymous speakers' identities in an action for defamation required the application

of a balancing standard.  In response, counsel for Façonnable sent a letter dated April 15, 2011 to

counsel for Skybeam in which Façonnable relied on the same incorrect case law it presented to

the Court in its *Ex Parte* Discovery Motion.  Attached hereto as Exhibit B is a copy the April 15

letter.  While Skybeam was formulating its response, Façonnable served the Subpoena.

By letter dated April 21, 2011, Skybeam served objections to the Subpoena on

Façonnable (the "Objection Letter").  Attached hereto as Exhibit C is a copy of the Objection

Letter.  In its Objection Letter, Skybeam advised Façonnable that Skybeam had preserved

information identifying which of its subscriber(s) used the listed IP addresses on the dates and

times listed in items 1-3 of the Subpoena, but at no time ever had any documents, electronic or other, relating to any of its subscriber(s) accessing any websites, as set forth and requested in items 4-6 of the Subpoena.  *Id*.

Skybeam also notified Façonnable that its April 15 Letter and *Ex Parte* Discovery Motion contained incorrect case law on which to base disclosure of John Doe defendant(s)' identities.  *Id.*  In an email dated April 21, 2011 to counsel for Façonnable, Skybeam offered to enter into a stipulation with Façonnable to modify the April 18 Order if Façonnable would agree to withdraw the Subpoena.[4]  *Id.*  Otherwise, Skybeam stated that it would move to modify the Court's April 18 Order and seek a protective order.  *Id.*  As of the date of the filing of this motion, Façonnable has not responded to Skybeam, thus necessitating this motion.

Accordingly, as set forth herein, the Court should modify the April 18 Order and enter a protective order allowing for a reasonable time for Skybeam to provide notice to its subscriber(s) whose identities are sought, and setting the amounts to be reimbursed by Façonnable to Skybeam.

## ARGUMENT

The decision to issue a protective order rests within the sound discretion of the trial court. *Wang v. Hsu,* 919 F.2d 130, 130 (10th Cir. 1990).  Federal Rule of Civil Procedure ("Rule") 26(c) allows the Court to limit the discovery of certain information.  A protective order may issue upon a showing of good cause "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense."  Fed. R. Civ. P. 26(c).  As a general

---

[4] In its April 15 letter, Façonnable asked Skybeam to designate a deponent for a Rule 30(b)(6) depositiion.  In its Objection Letter, Skybeam asked Façonnable to defer consideration of any deposition until after this Court had resolved the Subpoena issues.  Façonnable indicated that its deposition inquiry would relate to the process by which Skybeam identifies subscriber(s) using IP addresses, which would be unnecessary in the event this Court ordered Skybeam to reveal the identity of any Skybeam subscriber(s).  Skybeam additionally advised counsel for Façonnable that the person responsible for the management of this segment of Skybeam's operations is out of the country for 2 weeks as of April 22.

rule, the "good cause" calculation requires that the Court balance "the [moving] party's need for information against the injury which might result from unrestricted disclosure." *Klesch & Co. Ltd.*, 217 F.R.D. at 524 (citations omitted). In addition, the Court should consider any privacy interests that may be implicated and whether the case involves issues that may be important to the public. *Id.* Here, good cause exists for a protective order, and for modification of the April 18 Order.

Disclosure of John Doe defendant(s)' identities implicates a significant constitutional question under the First Amendment, and the requisite balancing of interests must be performed prior to disclosure of an anonymous speaker's identity. *See Anonymous Online Speakers v. United States Dist. Court (In re Anonymous Online Speakers)*, --- F.3d ---, 2011 U.S. App. LEXIS 487, at *17 (9th Cir. Jan. 7, 2011) (finding appropriate consideration of the "important value of anonymous speech balanced against … [the plaintiff's] need for relevant discovery" before ordering discovery of any documents or information identifying anonymous speakers); *Melvin v. Doe*, 836 A.2d 42, 50 (Pa. 2003) ("[T]he court-ordered disclosure of [defendants'] identities presents a significant possibility of trespass upon their First Amendment rights. . . . [O]nce [defendants'] identities are disclosed, their First Amendment claim is irreparably lost as there are no means by which to later cure such disclosure."). *Melvin v. Doe*, 836 A.2d 42, 50 (Pa. 2003) (allowing appellate review of an interlocutory trial court order requiring anonymous defendants to reveal their identities). Accordingly, Skybeam must give notice to its subscriber(s) whose identity is sought *before* any disclosure is made in order to allow the subscriber(s) to take whatever measures they deem appropriate to prevent the disclosure of their identities and preserve any First Amendment protections.

As set forth below, due to its reliance on Façonnable's "good cause" standard for

allowing disclosure of John Doe defendant(s)' identities, the Court did not address the nature of defendant(s)' speech or its First Amendment protections prior to ordering disclosure of defendant(s) identities.  As such, the Court should modify the April 18 Order and make a preliminary determination as to the propriety of ordering disclosure of speaker(s)' identities and also enter a protective order applicable to any subpoena served on Skybeam in this action to allow Skybeam a reasonable amount of time to notify defendant(s) of the Subpoena, which will in turn allow defendant(s) to object to the disclosure of their personally identifiable information. If objections are made, the Order should allow for Skybeam to withhold disclosure until the objections are resolved.

Additionally, because Skybeam is a non-party, the Court should set the reimbursement amounts to be paid Skybeam for the costs of complying Façonnable's discovery requests.

### A.   The Court Should Modify The April 18 Order Because It Was Based On Incorrect Case Law and Did Not Address John Doe Defendant(s)' First Amendment Rights To Anonymous Speech

The April 18 Order relies on incorrect case law from Façonnable's *Ex Parte* Discovery Motion and should be amended to reflect the correct standard for ordering disclosure of anonymous defendant(s)' identities in an action for defamation.  Specifically, the April 18 Order relied on *20/20 Financial Consulting, Inc.* in finding that "good cause" existed under Rule 26 to disclose John Doe defendant(s)' identities because Façonnable could not obtain this information except by subpoena and court order.  However, the standard for ordering an ISP to disclose the identity of subscriber(s) alleged to have posted defamatory statements is not simply "good cause"; instead, disclosure depends upon the nature of the speech at issue and requires a balancing of interests.  *See In re Anonymous Online Speakers*, 2011 U.S. App. LEXIS 487, at *18.

In *20/20 Financial*, the court erred in allowing discovery of the identities of the anonymous defendants on a showing of good cause only. *20/20 Financial*, 2010 WL 1904530, at * 1. Although *20/20 Financial* was a defamation case and involved issues similar to those presented here, the *20/20 Financial* court authorized discovery of the defendants' identities based almost entirely on a copyright infringement case, *Arista Records, LLC v. John Does 1-19*, 551 F. Supp. 2d 1, 6 (D.D.C. 2008), which the *20/20 Financial* court deemed to be "analogous." *Id.*

In *Arista Records*, however, the court explained that its decision to permit discovery of anonymous defendants' identities under a "good cause" standard[5] was limited to cases involving allegations of copyright infringement, which involved "exceedingly small" First Amendment interests. *See Arista Records*, 551 F. Supp. 2d at 6-8 (citing *Laface Records, LLC v. Atlantic Recording Corp.*, No. 07-187, 2007 U.S. Dist. LEXIS 72225, at *4-*5 (W.D. Mich. Sept. 27, 2007)). Notably, *Arista Records* specifically distinguished the First Amendment issues involved in copyright infringement actions from those in actions involving "actual speech." *See Arista Records*, 551 F. Supp. 2d at 8-9 (citing *Mobilisa, Inc. v. John Doe 1*, 170 P.3d 712, 715 (Ariz. App. 2007) (involving an intimate email sent from plaintiff's protected computer system and setting forth a multi-part test requiring a plaintiff to show, among other elements, that its claims could survive a motion for summary judgment)); s*ee also Arista Records*, 551 F. Supp. 2d at 7 n.6 (citing *Doe v. 2TheMart.com Inc.*, 140 F. Supp. 2d 1088 (W.D. Wash. 2001) (involving Internet message boards and First Amendment-protected speech and recognizing that the

---

[5] Even under the "good cause" standard, the *Arista Records* court considered potential First Amendment concerns and the strength of the plaintiff's allegations before permitting discovery of the John Doe defendants' identities. Skybeam notes that in a copyright case, such as *Arista Records*, the plaintiff's valid copyright registration alone demonstrates half of a plaintiff's prima facie showing. *See Arista Records*, 551 F. Supp. 2d at 5-9.

application of a balancing test is required under Fed. R. Civ. P. 45 when a subpoena seeks the identity of an anonymous Internet user)).

The instant action involves allegations of defamation based on John Doe defendant(s)' "actual speech" – not allegations of copyright infringement.  Because the Court's April 18 Order was based primarily on Façonnable's mistaken contention that *20/20 Financial* permitted discovery of defendants' identities, the Order should be modified to reflect the correct standard.[6]

## B.   Ninth Circuit Provides Guidance Regarding Balancing Discovery And The Right to Anonymous Speech

In January of this year, the Ninth Circuit issued an opinion in *In re Anonymous Online Speakers*, which addressed a mandamus petition from a Nevada district court's decision to reveal anonymous speakers' identities.  In its opinion, the Ninth Circuit found that the standard relied upon by the district court, and provided by the Delaware Supreme Court in *Doe v. Cahill*, 884 A.2d 451 (Del. 2005), was too exacting for the speech at issue in that case.[7]  *In re Anonymous Online Speakers*, 2011 U.S. App. LEXIS 487, at *17-*18.  However, the Ninth Circuit did not prohibit use of the *Cahill* standard for *all* types of speech.  *See id.* at *17 ("Because *Cahill* involved political speech, that court's imposition of a heightened standard is understandable.").  Instead, the Ninth Circuit instructed that the "nature of the speech should be a driving force in choosing a standard by which to balance the rights of anonymous speakers in discovery

---

[6] In its Motion for Expedited Order Authorizing Discovery, Façonnable additionally cited *Pod-Ners, LLC v. Northern Feed & Bean of Lucerne Ltd.*, 204 F.R.D. 675 (D. Colo. 2002) in support of its assertion that the Court should order discovery of defendants' identities under a "good cause" standard.  *See* Doc. # 2 ¶ 7.  However, similar to *Arista Records*, *Pod-Ners* involved allegations of infringement and unfair competition, not "actual speech."  *See Pod-Ners*, 204 F.R.D. at 676.  Façonnable cited no other authority in its Motion.

[7] The Ninth Circuit's 2011 *In re Anonymous Online Speakers* opinion replaced a withdrawn 2010 opinion by the same panel. *See Anonymous Online Speakers v. United States Dist. Court for the Dist. of Nevada Reno (In re Anonymous Online Speakers)*, 611 F.3d 653 (9th Cir. 2010).  The 2011 opinion omitted the 2010 opinion's finding that *Cahill* "extends too far" in the context of "commercial speech," and instead stated that *Cahill* extended too far in the context of "the speech at issue here."  *In re Anonymous Online Speakers*, 2011 U.S. App. LEXIS 487, at *17.  The 2011 opinion additionally declined to decide whether the anonymous online speech at issue was commercial speech, but stated that it was "speech related to the non-competition and non-solicitation provisions of [plaintiff's] commercial contracts with its [independent business owners]."  *Id.*

disputes." *Id.* at *18 (citing *Perry v. Schwarzenegger*, 591 F.3d 1147, 1160-61 (9th Cir. 2010)).

Once the nature of the speech is determined, a court must consider the "important value of

anonymous speech balanced against … [the plaintiff's] need for relevant discovery" before

ordering discovery of any documents or information identifying the anonymous speaker.[8] *Id.* at

*17.

The *In re Anonymous Online Speakers* opinion provided no further clear guidance

regarding how to apply a balancing test.  However, the opinion stated that the Ninth Circuit's

previous decision in *Perry* "was instructive" to the issues presented.  *Perry* involved the efforts

of plaintiff same-sex couples in a legal challenge to the constitutionality of California's

Proposition 8 to obtain intervenor proponents of Proposition 8's internal campaign

communications relating to campaign strategy and advertising.  *Perry*, 591 F.3d at 1160-61.  In

balancing the plaintiffs' discovery needs against intervenors' First Amendment associational

rights, the Ninth Circuit first required intervenors to make a prima facie showing of First

Amendment infringement before shifting the evidentiary burden to the plaintiffs to demonstrate a

need for discovery to counterbalance that infringement under the "heightened relevance

standard," which required plaintiffs to demonstrate an interest in obtaining the disclosure

sufficient to justify the deterrent effect on the free exercise of the First Amendment rights of

association and expression.  *Id.*  In so holding, the Ninth Circuit found that the liberal standard of

"good cause" under Federal Rule of Civil Procedure 26 "fail[ed] to give sufficient weight to the

First Amendment interests at stake." *Id.*

Additionally, the *In re Anonymous Online Speakers* opinion outlined other approaches

district courts have taken to analyze disclosure of anonymous speakers' identities in the context

---

[8] The Ninth Circuit additionally advised courts authorizing discovery of the identities of anonymous speakers to consider the "appropriate scope and procedures" for disclosure of this information. *Id.* at *19-*20 & n.2.

of anonymous internet speech. *See id.* at 13-17 (citing, *e.g.*, *Klehr Harrison Harvey Brazburg & Ellers v. JPA Dev.*, No. 0425, 2006 Phila. Ct. Com. Pl. LEXIS 1, 2006 WL 37020, at *33-*34 (C.P. Phila. Jan. 4, 2006) (finding that while the anonymous speakers were entitled to First Amendment rights, the court had already determined that certain posts were defamatory *per se* for which there was no First Amendment protection); *2TheMart.com Inc.*, 140 F. Supp. at 1092-93 (recognizing that a higher standard should apply when a subpoena seeks the identity of an anonymous Internet user who is not a party to the underlying litigation); *Cahill,* 884 A.2d at 461 (requiring plaintiffs to be able to survive a hypothetical motion for summary judgment and give, or attempt to give, notice to the speaker before discovering the anonymous speaker's identity).[9]

At a minimum, the Ninth Circuit has made clear that the "good cause" standard is inadequate to protect John Doe defendant(s)' First Amendment right to anonymous speech. Instead, this Court must apply a standard that recognizes the nature of defendant(s)' anonymous speech and balances the importance of this speech against Façonnable's need for relevant discovery. Accordingly, the April 18 Order should be modified to correct the incorrect citation to the "good cause" standard, and to provide for the correct standard.

Additionally, Façonnable's litigation may be a Strategic Lawsuit Against Public Participation ("SLAPP"). While Colorado does not have an anti-SLAPP statute, Colorado case law provides for early dismissal of litigation aimed at suppressing the valid exercise of free speech. *See Protect Our Mountain Env't, Inc. v. District Court of County of Jefferson* ("*POME*"), 677 P.2d 1361 (Colo. 1984) (Colorado's seminal case defining the First Amendment

---

[9] Of interest to the Ninth Circuit in *In re Anonymous Online Speakers* was the fact that although *Perry* evaluated the intervenors' First Amendment political associational rights separately from the underlying claims and then required plaintiffs to "demonstrate[ ] an interest in obtaining the disclosures . . . which is sufficient to justify the deterrent effect . . . on the free exercise . . . of [the] constitutionally protected right of association" under the "heightened relevance standard," in each of the anonymous Internet speech cases, the initial burden rested on the party seeking discovery and required varying degrees of proof of the underlying claim.

right to petition); *Concerned Members of Intermountain Rural Elec. Assoc. v. District Court Colorado Supreme Court*, 713 P.2d 923 (Colo. 1986) (applying the *POME* standards to a claim for libel).  Thus, Façonnable may have the burden of showing that defendants' speech activities were not immunized from liability by the First Amendment.  *See also Krystkowiak v. W.O. Brisben Cos.*, 90 P.3d 859, 864 (Colo. 2004).  The Court should amend the April 18 Order to require Façonnable to demonstrate that its litigation is not a SLAPP and allow any objecting Doe to argue that it is a SLAPP.

> **C.**      **The Court Should Enter A Protective Order Providing For A Reasonable Amount Of Time To Respond To Any Subpoena In This Action**

Whether allegedly defamatory language is constitutionally privileged is a question of law. *Bose Corp. v. Consumers Union of United States, Inc.*, 466 U.S. 485, 499 (1984); *Kuhn v. Tribune-Republican Publishing Co.*, 637 P.2d 315, 318 (Colo. 1981).  Here, the nature of the John Doe defendant(s)' speech is undetermined.  It is the nature of this speech that will establish the *appropriate standard* by which to balance the John Doe defendant(s)' First Amendment right to anonymous speech against Façonnable's need for discovery.  This balancing test is essential in a case alleging defamation, where the law seeks to achieve the "proper balance between an individual's right to speak freely and an injured plaintiff's right to redress." *Pilchesky v. Gatelli*, 12 A.3d 430, 445 (Pa. Super. Ct. 2011); *see also Keohane v. Stewart*, 882 P.2d 1293, 1298 (Colo. 1994) ("[w]eighed against the individual's right to be free from false and defamatory assertions … is society's interest in encouraging and fostering vigorous public debate.").

Therefore, the April 18 Order must be modified because it did not analyze the nature of John Doe defendant(s)' speech, nor did it conduct the requisite balancing test.  Additionally, a protective order is necessary because the timetable in Façonnable's Subpoena did not allow a reasonable amount of time for Skybeam to give notice to its subscriber(s) of the Subpoena so that

those subscriber(s) have the opportunity to object to the Subpoena if they so choose.  At this

juncture, Skybeam need not address the nature of John Doe defendant(s)' speech or why a

heightened standard such as that imposed in *Cahill* is appropriate in the instant action.

Skybeam's request for a modification of the April 18 Order and protection order simply requires

this Court to find that a "good cause" standard is not adequate to protect John Doe defendant(s)'

First Amendment rights and that the First Amendment and applicable case law require prior

notice to the John Doe defendant(s) to allow them to contest to disclosure of their identities.

### D.    The Court Should Enter A Protective Order Requiring Façonnable To Pay Skybeam's Costs In Complying With Any Subpoena In This Action

Façonnable has not committed to reimburse Skybeam for the costs of compliance with its

Subpoena.[10]  Courts must be particularly sensitive to the burdens placed on non-parties, and

"concern for the unwanted burden thrust upon non-parties is a factor entitled to special weight in

evaluating the balance of competing needs" with respect to non-party discovery.  *Cusumano v.*

*Microsoft Corp.*, 162 F.3d 708, 717 (1st Cir. 1998) (citing *Dart Indus. Co. v. Westwood Chem.*

*Co.*, 649 F.2d 646, 649 (9th Cir. 1980)).  Additionally, Rule 45 protects non-parties from

significant expense, and courts have repeatedly ordered parties to pay costs to non-parties in

advance.  *See, e.g., Compaq Computer Corp., v. Packard Bell Electronics, Inc.,* 1995 U.S. Dist.

LEXIS 20549, *24-25 (N.D. Cal. 1995) (holding that nonparty witness is entitled to be

compensated at a reasonable hourly rate for producing documents).  Of course, Skybeam realizes

no profit in complying with the subpoenas, even when reimbursed for the costs associated with

the look-ups.  Because Skybeam is a non-party, the Court should enter a protective order

---

[10] *United States v. Columbia Broad. Sys. Inc.*, 666 F.2d 364, 371-72 (9th Cir. 1981), *cert. denied*, 457 U.S. 1118 (1982) (finding that "a witness's nonparty status is an important factor to be considered in determining whether to allocate discovery costs on the demanding or producing party" because "[n]onparty witnesses are powerless to control the scope of litigation and discovery, and should not be forced to subsidize an unreasonable share of the costs of a litigation to which they are not a party"; ordering the district court on remand to reexamine the record in order to determine reasonable reimbursement for a nonparty's discovery costs).

applicable to any subpoena served on Skybeam in this action setting the rates to be reimbursed by Façonnable to Skybeam and consider awarding Skybeam its fees and costs necessitated by having to make this motion.

### CONCLUSION

For the foregoing reasons, Skybeam respectfully requests that the Court modify the April 18 Order.  Additionally, the Court should enter a protective order with respect to the Subpoena served on Skybeam in this action to allow for reasonable time for Skybeam to provide notice to its subscriber(s), and setting the amounts to be reimbursed by Façonnable to Skybeam.  Finally, the Court should award Skybeam costs and attorneys fees associated with its motion.

Dated:  April 29, 2011                          Respectfully submitted,


__s/  *John D. Seiver*_____
John D. Seiver
Leslie G. Moylan
**DAVIS WRIGHT TREMAINE LLP**
1919 Pennsylvania Ave., N.W., Suite 800
Washington, DC 20006
(202) 973-4200
(202) 973-4499

*Attorneys for Skybeam, Inc.*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 29th day of April, 2011, true and correct copies of the

foregoing document and exhibits were served via ECF upon all counsel of record.

__s/ *Leslie G. Moylan*_____

Leslie G. Moylan
