IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello

Civil Action No. 11-cv-00941-CMA-BNB

FAÇONNABLE USA CORPORATION, a Delaware corporation,

   Plaintiff,

v.

JOHN DOES 1-10, all whose true names are unknown,

   Defendants.

---

**ORDER GRANTING EMERGENCY MOTION TO STAY**

---

This matter is before the Court on Interested Party Skybeam, Inc.'s Emergency Motion For Stay Pending Determination of Skybeam, Inc., Objections to Magistrate Judge Boland's Order Compelling Skybeam to Identify Defendants. (Doc. # 19.) On April 29, 2011, Skybeam, Inc. ("Skybeam"), a local Internet Service Provider, requested a protective order against compliance with a subpoena duces tecum that would require Skybeam to provide information identifying the users of two separate Internet Protocol addresses on several occasions. On May 24, 2011, Magistrate Judge Boyd N. Boland ordered Skybeam to provide such identifying information no later than June 3, 2011. (Doc. # 15.) On June 1, 2011, Skybeam filed objections to the Magistrate Judge's Order as well as the instant Motion for Stay pending this Court's determination of those objections. (Doc. ## 17, 19.) For the following reasons, the Court finds that Skybeam's Motion should be GRANTED.

A stay of a magistrate judge's discovery order should not be granted as a matter of course. See *Granato v. City and Cnty. of Denver*, No. 11-cv-0-304, 2011 WL 1335854, at *2 (D. Colo. Apr. 7, 2011). *F.T.C. v. Mainstream Marketing Services*, 345 F.3d 850 (10th Cir. 2003) establishes the appropriate standard for review of this motion.[1]  The Court must consider "(1) the likelihood of success on appeal; (2) the threat of irreparable harm if the stay or injunction is not granted; (3) the absence of harm to opposing parties if the stay or injunction is granted; and (4) any risk of harm to the public interest." *Id.* at 852.  When the moving party establishes that the three "harm" factors are decidedly in its favor, the "probability of success" requirement is somewhat relaxed. *Id.*

The Court finds that Skybeam has demonstrated that the balance of hardships tips decidedly in its favor. If a stay is denied in error, Skybeam will be required to disclose the Does' identities, which could harm the Does' First Amendment right to speak anonymously. See *Elrod v. Burns*, 427 U.S. 347, 373 (1976) ("The loss of First Amendment freedoms, for even minimal periods of time, unquestionably constitutes irreparable injury.").  Any injury to Plaintiff caused by a stay would be minimal in comparison because Skybeam has indicated that it has preserved and will continue to preserve the information that Plaintiff has requested.  If this Court overrules Skybeam's

---

[1] *Mainstream Marketing* specifically governs a stay of a district court's order or judgment pending appeal, and not necessarily a stay of a magistrate judge's discovery orders. See *E.E.O.C. v. Joslin Dry Goods Co.*, No. 05-cv-00177, 2007 WL 433144, at *1 n.2 (D. Colo. Feb. 2, 2007); *see also Adams v. Gateway, Inc.*, at *2 No. 2:02-CV-106, 2004 WL 733990 (D. Utah Jan. 5, 2004) ("the court was unable to locate [] any standard specific to consideration of a motion to stay an order of a magistrate judge pending resolution of an appeal by objections filed with the district court."). Given the absence of a clear standard to apply, and because this case concerns significant potential harm to First Amendment rights, this Court will apply the *Mainstream Marketing* four-factor test.

objections, then Plaintiff's suit for damages will merely have been delayed. Injury resulting from this delay pales in comparison to the potential abrogation of First Amendment rights that the Does would suffer if the Court finds that the Magistrate Judge erred by refusing to grant the protective order sought by Skybeam. Moreover, the public interest is also best served by staying an order that potentially infringes upon constitutional rights. *See Homans v. City of Albuquerque*, 264 F.3d 1240, 1244 (10th Cir. 2001) (finding that the public interest is served by protecting core first Amendment rights).

Given that the Court finds that the "harm" factors tilt in Skybeam's favor, "probability of success is demonstrated when the petitioner seeking the stay has raised 'questions going to the merits so serious, substantial, difficult, and doubtful as to make the issue ripe for litigation and deserving of more deliberate investigation.'" *Mainstream Mktg.*, 345 F.3d at 852 (quoting *Prairie Band of Potawatomi Indians v. Pierce*, 253 F.3d 1234, 1246-47 (10th Cir. 2001). This case involves delicate balancing of the Does' First Amendment rights with Plaintiff's rights to litigate its claims, and is deserving of "deliberate investigation."

Accordingly, this Court finds that Skybeam's Motion to Stay (Doc. # 19) is GRANTED pending this Court's consideration of and ruling on Skybeam's objections to the Magistrate Judge's Order.

DATED: June  02 , 2011

BY THE COURT:

_____
CHRISTINE M. ARGUELLO
United States District Judge