IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Christine M. Arguello**

Civil Action No. 11-cv-00941-CMA-BNB

FAÇONNABLE USA CORPORATION, a Delaware corporation,

    Plaintiff,

v.

JOHN DOES 1-10, all whose true names are unknown,

    Defendants.

## ORDER GRANTING MOTION TO VACATE

This matter is before the Court on Interested Party Skybeam, Inc.'s ("Skybeam") Unopposed Motion to Vacate (Doc. # 32). In this Motion, Skybeam requests that the Court vacate the Magistrate Judge's May 24, 2011 Order (Doc. # 15), compelling Skybeam to identify the John Does. For the following reasons, Skybeam's motion is granted and the May 24, 2011 Order is vacated.

This case commenced when Plaintiff filed a complaint on April 7, 2011 against up to ten anonymous defendants, sued as John Does 1 to 10, who had placed allegedly defamatory statements about Plaintiff and its parent company on Wikipedia . (Doc. # 1.) Plaintiff obtained leave to take early discovery from Skybeam, an Internet Service Provider ("ISP"), in order to determine the true identities of the John Doe defendants. Skybeam was added as an interested party, and filed a motion to quash the subpoena. In his May 24, 2011 Order, the Magistrate Judge denied Skybeam's motion and ordered

Skybeam to comply with the subpoena. (Doc. # 15.)  Skybeam promptly filed objections, arguing that the Magistrate Judge's Order violated the First Amendment rights of the anonymous poster(s) and that this Court lacked subject-matter jurisdiction over the case. Skybeam also moved the Court to stay the Magistrate Judge's Order pending the Court's consideration of its objections. Finding "that the balance of hardships tip[ped] decidedly in [Skybeam's] favor" and that the objections were deserving of "deliberate investigation," the Court granted Skybeam's motion to stay. (Doc. # 21.)

Although the Court subsequently granted Plaintiff two extensions of time to file a response to Skybeam's objections (Doc. ## 25, 28), Plaintiff instead filed a notice of voluntary dismissal pursuant to Fed. R. Civ. P. 41(a). (Doc. # 30.) As Skybeam recognizes, the voluntary dismissal moots its objections to the Magistrate Judge's Order. However, Skybeam asserts that the Magistrate Judge's Order would put Skybeam at a competitive disadvantage to other ISPs who operate in jurisdictions with more stringent standards for disclosing the identities of anonymous internet speakers, as well as endangering the rights of other Skybeam users. Thus, Skybeam requests that the Court exercise its equitable powers to vacate the Magistrate Judge's Order so as not to subject Skybeam to unfavorable precedent in spite of its diligent efforts to obtain a reversal of that Order.

As stated by the Supreme Court, "the equitable remedy of vacatur ensures that 'those who have been prevented from obtaining the review to which they are entitled

[are] not . . . treated as if there had been a review.'" *Camreta v. Greene*, 131 S.Ct. 2020, 2035 (2011) (quoting *United States v. Munsingwear, Inc.*, 340 U.S. 36, 39 (1950)). Although this Court has found no Tenth Circuit cases addressing this precise procedural situation – an order on a subpoena to a third party that has been rendered moot by a settlement between the main parties – the Circuit has vacated district court orders when the appeals of third parties were mooted due to the actions of the main parties. *See Wyoming v. U.S. Dep't of Agric.*, 414 F.3d 1207, 1213 (10th Cir. 2005) (vacating district court order where a third party's appeal was mooted by federal agency's abandonment of challenged rule); *McMurtry v. Aetna Life Ins. Co.*, 273 F. App'x 758, 761 (10th Cir. 2008) (vacating district court's grant of summary judgment where a third party's appeal was mooted by the main parties' settlement).

In determining whether to vacate a judicial decision, the principle consideration "is whether the party seeking relief from the judgment below caused the mootness by voluntary action." *U.S. Bancorp Mortg. Co. v. Bonner Mall P'ship*, 513 U.S. 18, 24 (1994). In this case, Skybeam has been deprived of the opportunity to obtain review of the Magistrate Judge's Order by Plaintiff's voluntary dismissal. Thus, through no fault of its own, Skybeam has been denied review of the Magistrate Judge's Order. Because Skybeam had nothing to do with causing its objections to become moot, it "ought not in fairness be forced to acquiesce" in the Magistrate Judge's Order. *U.S. Bancorp Mortg.*, 513 U.S. at 25. The Court further notes that this motion is unopposed and it perceives no reason for denying Skybeam's request.

Accordingly, it is ORDERED that Skybeam's Motion to Vacate (Doc. # 32) is GRANTED and the Magistrate Judge's May 24, 2011 Order (Doc. # 15) is thereby VACATED.

DATED:  July 27, 2011

BY THE COURT:

_____
CHRISTINE M. ARGUELLO
United States District Judge